UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMIE J. HORNBAKER,<br><br>                    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05155-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On September 22, 2010, plaintiff filed concurrent applications for disability insurance benefits and SSI, alleging disability as of April 1, 2008, due to depression, anxiety, and left wrist pain. See Administrative Record ("AR") 183-98, 243. Plaintiff's applications were denied upon initial administrative review and on reconsideration. See AR 118-21, 125-29. A hearing was

ORDER - 1

held before an administrative law judge ("ALJ") on September 18, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert ("VE). See AR 34-65.

On October 9, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 8-35.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on January 16, 2014, making the ALJ's decision defendant's final decision. See AR 1-6; see also 20 C.F.R. §§ 404.981, 416.1481. On February 24, 2014, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. No 1.  The administrative record was filed with the Court on May 6, 2014. See Dkt. No. 12.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for payment of benefits, because the ALJ erred: (1) in evaluating the medical evidence in the record; and (2) in finding him to be capable of performing other jobs existing in significant numbers in the national economy.  The Court agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, finds that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772

ORDER - 2

F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").  "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.      The ALJ's Evaluation of the Medical Evidence in the Record

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them.  It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

Plaintiff argues the ALJ failed to provide legally sufficient reasons for rejecting the medical opinions of examining psychologist Tasmyn Bowes, PsyD.  Dkt. No. 14, pp. 3-6; AR 354-77, 403-07, 490-504.   Dr. Bowes diagnosed plaintiff with depressive disorder and panic disorder with agoraphobia, and opined plaintiff would have "moderate" to "marked/severe" limitations in the ability to perform activities within a schedule and maintain regular punctual attendance, and in the ability to complete a normal workday and work week without interruptions from psychologically based symptoms.  AR 497.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).  In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725.  The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

Plaintiff argues the clear and convincing standard applies to the ALJ's analysis of the medical opinions of Dr. Bowes.  See Dkt. No. 14, p. 6 (noting that check box forms completed by state agency reviewing physicians do not constitute substantial evidence sufficient to contradict the opinion of an examining specialist).  See Lester, 81 F.3d at 830.  Defendant appears to concede that the clear and convincing standard applies, yet argues the ALJ provided such reasons to reject the opinions of Dr. Bowes. Dkt. No. 15, pp. 3-4.   Regardless, this Court finds that the reason offered by the ALJ for rejecting Dr. Bowes' opinion was not a specific and

ORDER - 4

legitimate or clear and convincing reason supported by substantial evidence in the record. See Hoffman, 785 F.2d at 1425.

It is important to note that in summarizing Dr. Bowes' findings, the ALJ did not specifically discuss Dr. Bowes' function-by-function assessment of what plaintiff is capable of doing despite his mental impairments. See AR 20, 25 (noting only that plaintiff would have "moderately impaired ability to understand, remember, and complete basic tasks"). The ALJ decision does not acknowledge Dr. Bowes' opinions that plaintiff would have moderate to marked/severe limitations in performing activities within a schedule, maintaining regular punctual attendance, and completing a normal workday and work week without interruptions from psychologically based symptoms. This is important because the Commissioner "may not reject 'significant probative evidence' without explanation." Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." Flores, 49 F.3d at 571.

Here, the ALJ decision focuses instead on Dr. Bowes' less specific narrative description of the effects of plaintiff's current symptoms on his ability to work, and on Dr. Bowes' statement that plaintiff at times has difficulty accomplishing basic activities of daily living. Compare AR 25 ("Dr. Bowes wrote that the claimant's anxiety impacted his ability to focus on tasks to completion, as well as his ability to work with coworkers towards a common goal, persist in tasks, tolerate stress, and to be flexible and deal effectively with unexpected changes in expectations and routine.") with AR 497.

Defendant argues the ALJ properly rejected Dr. Bowes' opinions because they were made unreliable by plaintiff's inconsistent statements. See Dkt. No. 15, pp. 6-7 (citing AR 20,

ORDER - 5

25).  In rejecting Dr. Bowes' opinion, the ALJ wrote: "Dr. Bowes' opinion that [plaintiff] has trouble in accomplishing his activities of daily living is inconsistent with [plaintiff's] testimony at the hearing and the reports to treatment providers."  AR 25.   This finding, however, is not supported by substantial evidence in the record.  See Hoffman, 785 F.2d at 1425.

During the psychological evaluation, plaintiff reported to Dr. Bowes that he usually gets up in the late morning, watches television, and mows the lawn or does other things to try to keep himself occupied.  AR 497.  Plaintiff reported that there were also days he does not do anything.  AR 497.  Plaintiff acknowledged being able to cook and clean.  AR 497.  Plaintiff also reported having a hard time grocery shopping: "when [I] go into a store my anxiety is pretty high."  AR 497.  With regard to family, plaintiff reported "I see my family once a week or so- they know what is going on with me so they understand too- but I have never been a social person."  AR 497.  These reports are consistent with plaintiff's hearing testimony, and plaintiff's reports to treatment providers.

At the hearing, plaintiff testified he watched television, washed dishes, did laundry, and vacuumed the floors of his home with some difficulty.  AR 49-50 (testifying he got sidetracked two to three times a week while doing household chores).  Plaintiff further testified he had difficulty being around others, especially "a lot of people", including in grocery stores, and that he had difficulty leaving the house alone.  AR 50.

The ALJ did not identify which treatment records conflicted with Dr. Bowes' statement that plaintiff had difficulty completing activities of daily living; however, the ALJ does discuss plaintiff's reports to his treatment providers elsewhere in the decision.  For example, at one point plaintiff reported to his treatment providers that he was able to go to the grocery store with greater ease and "didn't run out" of the store due to anxiety as he had done on previous

ORDER - 6

occasions.  AR 19 (citing AR 482).  Plaintiff reported he panhandled for rent money.  AR 19 (citing AR 482).  Plaintiff also reported keeping busy with family.  AR 19 (citing AR 478 "son visiting from Texas, grandson graduating, daughter getting married… 'family keeps me busy'.  Fewer panic attacks around family, even in public").  Following 15 sessions of therapy, plaintiff reported to his treatment providers he was able to leave the house "more days than not", including going to the store at nonpeak hours, and was able to prepare himself for this ahead of time.  AR 20 (citing AR 474).

  Contrary to the ALJ's finding, plaintiff's testimony and statements to his treatment providers regarding his daily activities are not inconsistent with Dr. Bowes' opinion that plaintiff, at times, has difficulty performing basic activities of daily living.  See AR 497.  Nor are they inconsistent with Dr. Bowes' opinion that plaintiff would have more than moderate limitations in performing activities within a schedule, maintaining regular punctual attendance, and completing a normal workday and workweek without interruptions from psychologically based symptoms.  See AR 497.

  Defendant further argues that Dr. Bowes' report contains statements from plaintiff that are inconsistent with the record as a whole, including statements regarding plaintiff's past substance abuse.  Dkt. No. 15, p. 7 (comparing AR 497 (in response to questioning regarding his drug of choice plaintiff responded "I did alcohol when I was younger but not in 20 years")(emphasis added), with AR 309 ("Historically [plaintiff] has had CD treatment about ten years ago and states until recently he has been clean and sober for 15 years" and noting toxicology report was positive for methamphetamines).  Even if these statements regarding plaintiff's past substance use are inconsistent, this additional rationale was not cited by the ALJ to reject Dr. Bowes' opinion.  See AR 25.  According to the Ninth Circuit, "[l]ong-standing

ORDER - 7

principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of the Soc. Sec. Admin., 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (other citation omitted)); see also Molina v. Astrue, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (citing Chenery Corp, 332 U.S. at 196).  For these reasons, the ALJ's assessment of Dr. Bowes' medical opinions is not supported by substantial evidence and is reversed. See Hoffman, 785 F.2d at 1425.

II.     The ALJ's Findings at Step Five

Plaintiff also takes issue with the ALJ's findings at step-five of the sequential evaluation process.  Dkt. No. 14, pp. 9-12.  However, as defendant points out, because the ALJ also determined plaintiff was capable of returning to his past relevant work as a construction worker at step-four of the sequential evaluation process, any errors made by the ALJ in conjunction with the alternate step-five findings are harmless. See Molina, 674 F.3d at 1115 (an ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination")(quoting Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008)).   This Court has already determined, however, that the ALJ erred in his assessment of the medical evidence.  On remand, the Commissioner shall reassess the medical opinion evidence of Dr. Bowes, and, if warranted reassess plaintiff's claims at the subsequent steps of the sequential evaluation process.

//

//

//

ORDER - 8

III.	This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, further development of the record is needed to reassess the medical opinion of examining psychologist Dr. Bowes, and, if necessary, obtain additional vocational expert testimony regarding the significance of the limitations opined by Dr. Bowes.  If warranted, the Commissioner also shall reassess plaintiff's claims at the subsequent steps of the sequential disability evaluation process.

//

//

ORDER - 9

CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein and pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of September, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10